UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMIE N. K.,<br><br>                  Plaintiff,<br>    v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | Case No. 3:24-cv-06004-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

      Plaintiff filed this action under 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disable child insurance benefits ("DIB"). Dkt. 1-1. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1-1, Complaint.

      Plaintiff filed applications for SSI in February and March 2022 alleging a disability onset date of December 1, 2014. AR 17.[1] Her applications were denied initially and on reconsideration, and a hearing was held before ALJ Allen G. Erickson ("the ALJ") on May 25, 2023. AR 75-101. On February 14, 2024, the ALJ found that plaintiff was not disabled, as defined in section 223(d) concerning the application for child's insurance

---

[1] Plaintiff had a previous hearing on September 20, 2017, regarding applications filed in 2016. AR 50-54. On May 2, 2018, the ALJ found plaintiff not disabled. AR 116. The Appeals Council denied review (AR 122) and plaintiff did not file a complaint with the U.S. District Court. AR 18.

benefits, and the application for supplemental security income. AR 15-47. The Appeals Council denied plaintiff's request for review, and plaintiff then filed a complaint with this Court. AR 1-6.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

DISCUSSION

The ALJ determined that plaintiff had the following severe impairments: generalized anxiety disorder; depressive disorder; posttraumatic stress disorder ("PTSD"); panic disorder with agoraphobia; and attention deficit hyperactivity disorder ("ADHD") (20 CFR 404.1520(c) and 416.920(c)). AR 22. The ALJ found that plaintiff could perform a full range of work at all exertional levels but with the following nonexertional limitations: understand, remember and apply short simple instructions; perform routine, predictable tasks; not in fast paced, production type environment; make simple decisions; exposure to occasional, routine workplace changes; no interaction with the general public; occasional interaction with coworkers and supervisors, but not in team oriented environment. AR 24.

Based on hypotheticals posed to the Vocational Expert (VE) at the hearing, the ALJ concluded at step four that there were jobs that exist that plaintiff could perform, including being a janitor, hand packager, or auto detailer. AR 40-41.

Plaintiff argues that the ALJ erred by improperly discounting her subjective symptom testimony, improperly considering the medical opinion evidence, improperly evaluating lay evidence, and improperly assessing plaintiff's RFC. Dkt. 12 at 2.

**1. Plaintiff's Subjective Testimony**

The ALJ found that while plaintiff's "severe medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 25-26. Specifically, the ALJ highlighted

3

inconsistencies in plaintiff's reported symptoms, found that her daily activities undermined her subjective complaints, her symptoms improved with medication, and the objective medical evidence was inconsistent with her subjective symptoms. AR 26-35.

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which testimony is not credible and which evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). However, the ALJ is not required to believe every claim of disabling pain or to analyze Plaintiff's testimony line by line. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ did not err by finding plaintiff's testimony unpersuasive due to her inconsistent statements about her symptoms. For example, plaintiff testified that she panicked every time she left the house (AR 97), but she attended several in person appointments in 2016 (AR 504, 632, 686-91, 755) and started driving in October of 2017 (AR 654). She had other successful exposure experiences, such as shopping (AR 65-66), working for her neighbor (AR 671) and meeting with friends (AR 780, 846).

An ALJ may rely on inconsistencies in the medical record and in statements to reject testimony. 20 C.F.R. § 404.1529(c)(4); *see Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022); *see also Eblen v. Saul*, 811 F. App'x 417, 420 (9th Cir. 2020) (ALJ properly discounted testimony based on inconsistent statements); *Jack S. v. Saul*, 2020

WL 6044547, at *4 (D. Or. Oct. 13, 2020) (ALJ properly discounted statements based on inconsistencies about how injury occurred). The ALJ reasonably inferred that these discrepancies undermined plaintiff's credibility. Although this may not be the only possible interpretation, it is rational and must therefore be upheld. *Smartt*, 53 F.4th at 494.

The ALJ also found that plaintiff's daily activities were inconsistent with her claimed limitations. The ALJ noted the plaintiff reported engaging in various activities, including knitting, home projects, selling her knitting, browsing the internet for hours, meeting with friends and family, driving, living on her own, caring for animals, and cooking. *See, e.g.*, AR 25, 87, 91, 95; 436, 441, 654, 731, 736, 748, 750, 998. The ALJ reasonably concluded these activities conflicted with plaintiff's testimony that she could not concentrate or finish projects (AR 32, 812) and feared leaving her home.

An ALJ may rely on clear and convincing evidence, including contradictions between daily activities and testimony, to discount symptom testimony. *See Farlow*, 53 F.4th at 489. Plaintiff's challenge, which merely seeks a more favorable interpretation, does not establish that the ALJ erred. Even if the evidence could be interpreted differently, the ALJ's conclusion was reasonable and must therefore be affirmed. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of activities had more than one rational interpretation).

Further, the record does indicate that plaintiff's mental symptoms improved with medication and counseling. AR 64-65, 669, 674, 908, 912. This is a clear and convincing reason to discount plaintiff's allegation of disabling mental limitations. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999)

(contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved with use of medication).

Because the Court has found at least one of the reasons relied on by the ALJ was supported by substantial evidence the record, the Court will not address the additional issues about the ALJ's decision finding plaintiff's testimony to be unpersuasive, because any alleged error would be harmless. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004) (finding error harmless where ALJ provided another legal valid reason to discredit plaintiff's testimony).

**2. Medical evidence.**

Plaintiff challenges the ALJ's assessment of the opinions of Dr. Alyssa Ruddell, Dr. Kimberly Wheeler, Terry Kinney, PA, Rebecca Klingman, MA, LMHC, MHP, and Dr. Wendy Hartinger, Psy.D., in addition to the prior administrative medical findings of Dr. Eugene Kester, M.D.

Plaintiff filed the claim in 2022, so the ALJ applied the 2017 regulations. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court held that under the 2017 regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20

C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2). *Id.*

A. Alysa A. Ruddell, Ph.D.

On June 28, 2016, Dr. Ruddell diagnosed plaintiff with anxiety disorder and cannabis use disorder. AR 436. She found that plaintiff had persistent and excessive anxiety that is difficult to control and interferes with her ability to focus on tasks. *Id.* She is restless and has impaired concentration. *Id.* Dr. Ruddell found plaintiff had marked limitation in her ability to adapt to changes in a routine work setting and moderate limitations in her ability to do the following: perform activities within a schedule, maintain regular attendance, be punctual without special supervision, perform routine tasks without special supervision, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, maintain appropriate behavior in a work setting, complete a normal work day and work week without interruptions from psychologically based symptoms, and set realistic goals and plan independently. AR 437.

The ALJ found Dr. Ruddell's opinion "somewhat persuasive," stating the findings were unsupported by her own notes and were inconsistent with the overall medical record. AR 39. The ALJ pointed to the many normal mental status examination findings (*see, e.g.*, 634-35, 665-66, 674-75-90) and reasonably found that they did not support the limitations Dr. Ruddell's indicated. AR 39.

Further, the ALJ found that Dr. Ruddell's statement that plaintiff would benefit from vocational training undermined her opinion that plaintiff had marked limitation in her ability to adapt to changes in a routine work setting. The Ninth Circuit has ruled that

an ALJ finding a plaintiff could work was consistent with a doctor's opinion recommending vocational rehabilitation training. *Ferguson v. Astrue*, 225 F. App'x 719, 720 (9th Cir. 2007).

Likewise, the ALJ's finding that Dr. Ruddell's opinions are inconsistent with other evidence in the record is also supported by substantial evidence. Along with the ALJ's decision referencing many normal mental status examination findings, the ALJ also cites to activities, including plaintiff's ability to care for herself, her mother, and their animals, that are inconsistent with the marked limitation described by Dr. Ruddell. *See* AR 39.

The Court need not consider the ALJ's remaining reasons for rejecting the opinion because any error with respect to those reasons would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion").

Because plaintiff has not shown that the ALJ erred in assessing Dr. Ruddell's opinions, the Court affirms this portion of the ALJ's decision.

B.  Kimberly Wheeler, Ph.D.

Dr. Wheeler diagnosed plaintiff with agoraphobia, with generalized anxiety disorder elements; PTSD; and ADHD, primarily inattentive type in February 2022. AR 441. Dr. Wheeler opined that plaintiff was (1) severely limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (2) markedly limited in her ability to adapt to changes in a routine work setting; communicate and perform effectively in a

work setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms; and (3) moderately limited (defined as a "significant limitation") in her ability to understand, remember, and persist in tasks by following detailed instructions; perform routine tasks without special supervision; ask simple questions or request assistance; maintain appropriate behavior in a work setting; and set realistic goals and plan independently. AR 442.

The ALJ was not persuaded by Dr. Wheeler's opinion. AR 38. The ALJ found that Dr. Wheeler's opinion was inconsistent with plaintiff's improved symptoms with medication and counseling, the fact that she was engaging in exposure activities, and had many normal mental status exams. AR 38. For example, the ALJ noted that the severity of the limitations opined by Dr. Wheeler were inconsistent with the plaintiff's own report to Dr. Wheeler that she would like to work in a bakery, she did not mind being around people, that her "main thing" was that she could not seem to get anywhere in a car, and when asked about work from home jobs, plaintiff cited to her "spotty" internet as a prohibitive factor. AR 38.

As discussed, the ALJ reasonably assessed plaintiff's medical record, which reflected many normal status exams, and the evidence is reasonably found to undermine the ALJ's conclusion. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding normal mental status examinations inconsistent with opinions proper basis on which to reject the opinions).

In sum, the ALJ gave proper reasons supported by substantial evidence for rejecting Dr. Wheeler's opinion. The Court need not consider the ALJ's remaining

reasons for rejecting the opinion because any error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

    C.  Wendy Hartinger, PsyD

Dr. Hartinger conducted a telephonic clinical interview with plaintiff in June 2023. AR 997. She diagnosed plaintiff with agoraphobia with panic attacks, PTSD, and ADHD, predominantly inattentive presentation. AR 998. Dr. Hartinger opined that plaintiff was (1) severely limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, and in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; (2) markedly limited in her ability to understand, remember, and persist in tasks by following detailed instructions; perform routine tasks without special supervision; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; and maintain appropriate behavior in a work setting; and (3) moderately limited (defined as a "significant limitation") in her ability to understand, remember, and persist in tasks by following very short and simple instructions; learn new tasks; ask simple questions or request assistance; and set realistic goals and plan independently. AR 999.

The ALJ was not persuaded by Dr. Hartinger's opinion. The ALJ found that these findings were inconsistent with the fact that plaintiff moved out of her mother's home and lives alone and continues to engage in a range of activities and was able to work outside. The ALJ further found that medication and counseling have helped alleviate plaintiff's symptoms, and while plaintiff presented as anxious or restless sometimes, she also had many normal mental status exams. AR 34-35.

As discussed, the ALJ reasonably assessed plaintiff's medical record, which reflecting many normal status exams, and the evidence is reasonably found to undermine the ALJ's conclusion. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding normal mental status examinations inconsistent with opinions proper basis on which to reject the opinions); see also *Bayliss*, 427 F.3d at 1216 (discrepancy with medical evidence "is a clear and convincing reason for not relying on the doctor's opinion").

In sum, the ALJ properly considered Dr. Wheeler's medical opinion and gave proper reasons supported by substantial evidence for rejecting it. The Court need not consider the ALJ's remaining reasons for rejecting the opinion because any error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

### D.  Rebecca Klingman, LMHC

Plaintiff next argues that the ALJ erred in rejecting the opinion of LMHC Rebecca Klingman, plaintiff's treating mental health therapist.

Ms. Klingman submitted a letter dated June 19, 2023, recommending that plaintiff should be considered for disability because of traumatic events. AR 993. She reported that due to the plaintiff's emotional impairment, she has certain limitations coping with what would otherwise be considered normal, including significant day-to day situations. *Id.*

The ALJ found Ms. Klingman's opinion unpersuasive because it was vague and unsupported with objective medical findings on exam of the plaintiff or treatment records. AR 36. A finding that an opinion is too vague to be useful in making a disability

11

1   determination can serve as a specific and legitimate reason for discounting that opinion.

2   *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (The better an explanation a source

3   provides for a medical opinion, the more weight the Social Security Administration will

4   give that opinion); *see Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (holding

5   that statement that the plaintiff would have "decreased concentration skills" was too

6   vague to be useful in the disability determination). Further, as the ALJ properly noted,

7   the letter is vague without opining as to specific functional abilities. AR 36. Instead, Ms.

8   Kilngman's letter constitutes an opinion regarding plaintiff's ability to work, which is a

9   determination reserved to the Commissioner. *See* 20 C.F.R. § 404.1520b(c)(3)(i).

10      The ALJ properly considered Ms. Klingman's opinion and gave proper reasons

11   supported by substantial evidence for rejecting it. The Court need not consider the ALJ's

12   remaining reasons for rejecting the opinion because any error with respect to those

13   reasons would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

14      E.  Terry Kinney, PA

15   PA Kinney opined that plaintiff was unable deal with the stress of "semiskilled

16   and skilled work" because she had anxiety being away from home, and she was limited

17   in her ability to travel to new places and use public transportation. AR. 990. PA Kinney

18   also said plaintiff would miss more than four days of work per month. AR 991. As for her

19   symptoms, PA Kinney opined that plaintiff was depressed, distracted, and hyperactive.

20   AR 988.

21      The ALJ found PA Kinney's opinion unpersuasive. While the ALJ agreed that

22   plaintiff had some mental health limitations, the ALJ states the severity of the opinion

23   was not supported by PA Kinney's own treatment records. The ALJ also found that PA

24

25

Kinney relied mostly on plaintiff's self-report and there were inconsistencies with the record as a whole. AR 36.

Even assuming for purposes of analysis that PA Kinney relied on plaintiff's self-report, there is substantial evidence to support the ALJ's finding of inconsistency with the medical evidence. *Woods v. Kijakazi*, 32 F.4th 783, n. 4 (9th Cir. 2022) (finding that even if an opinion is supported, an ALJ may properly find it unpersuasive because it is inconsistent with the record). For example, while PA Kinney opined that plaintiff was depressed and anxious, plaintiff denied those symptoms during several exams with PA Kinney. *See* AR 926, 930, 934, 938, 942, 947, 952, 957, 962, 965, 972, 977, 984. The ALJ here rationally and with the support of substantial evidence identified inconsistency with both PA Kinney's own progress notes and with the medical evidence as a whole. *See, e.g.*, *Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022) (affirming ALJ's discounting of a treating physician's opinion that was inconsistent with the treatment record showing normal findings and evidence of improvement); *Bayliss*, 427 F.3d at 1216 (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province.")

The ALJ properly considered PA Kinney's opinion and gave proper reasons supported by substantial evidence for rejecting it. The Court need not consider the ALJ's remaining reasons for rejecting the opinion because any error with respect to those reasons would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

E. Other Medical Evidence and Prior Administrative Findings

Plaintiff summarizes the treatment notes and findings of Eugene Kester, M.D., Hilary Walker, ARNP, Carol S. Stieper, MA, LMHC, Kailah Nettle, MA, CAAR, Resa Delany, PA, Ilyssa Barr, MA, LMHCA, MHP, and Katharine Danner, M.D., and argues that this evidence supports her testimony and undermines the ALJ's assessments of Dr. Ruddell, Dr. Wheeler, PA Kinney, Ms. Klingman, and Dr. Hartinger. Summarizing facts without providing analysis or legal argument does not establish harmful error; bare assertions do not satisfy the requirement that plaintiff present her contentions and reasons with specificity, *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

### 3. Lay Witness Testimony

Plaintiff challenges the ALJ's assessment of her mother's statements.

For the most part, plaintiff's mother's statement described similar limitations as plaintiff has described. Plaintiff's mother indicated transportation gives plaintiff panic attacks, and illness has affected plaintiff's understanding and ability to complete tasks and follow instructions. AR 305. The ALJ stated the statements were unpersuasive for the same reasons he found plaintiff's testimony unpersuasive. AR 39. This was a proper basis for rejecting the statements. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (where ALJ properly discounted claimant's testimony, same reasons are proper for rejecting similar lay witness testimony). This also renders any error in evaluating the statements harmless. *Molina*, 674 F.3d at 1116–22 (failing to evaluate lay statements harmless if cumulative of subjective testimony properly rejected for reasons applicable to the lay statement).

### 4. RFC Assessment

Plaintiff argues that the ALJ erred in his RFC assessment because it did not adequately account for limitations described in the medical opinions of Dr. Ruddell, Dr. Wheeler, PA Kinney, Ms. Klingman, and Dr. Hartinger as well as the limitations described by plaintiff and by Ms. Luck.

As discussed above, the ALJ found that although plaintiff severe alleged limitations due to her mental health symptoms, the record shows there are many normal mental status exams and that plaintiff can engage in a wide range of activities without significant limitations. To account for plaintiff's anxiety, depression, PTSD, panic with agoraphobia, and ADHD, the ALJ's RFC assessment includes limiting plaintiff to short and simple instructions, routine predictable tasks, not in fast paced production type environment, with only simple decisions. The ALJ further assessed that plaintiff should be limited to exposure to only occasional, routine workplace changes, no interaction with the general public, and only occasional interaction with coworkers and supervisors, but not in team-oriented environment. AR 35.

Plaintiff has failed to show that the ALJ's findings in this regard are unreasonable or not supported by substantial evidence. Although plaintiff notes that, in crafting the RFC assessment, the ALJ discounted certain medical opinions, plaintiff has not shown that the ALJ erred in so doing. Because plaintiff has not shown that the ALJ erred in assessing her testimony or the medial opinion evidence, plaintiff has not shown that the ALJ erred in assessing her RFC.

**V. CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is DISMISSED.

Dated this 6th day of November, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge